Filed 2/18/21  P. v. Bolanos CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OSCAR BOLANOS,<br><br>    Defendant and Appellant. | 2d Crim. No. B301976<br>(Super. Ct. No. BA076004)<br>(Los Angeles County) |

Oscar Bolanos appeals a superior court order denying his motion for a *Franklin* hearing (*People v. Franklin* (2016) 63 Cal.4th 261) following his conviction for voluntary manslaughter. (Pen. Code, § 192, subd. (a).)[1]  We conclude, among other things, that Bolanos is not entitled to a *Franklin* hearing.  We affirm.[2]

---

[1] All statutory references are to the Penal Code.

[2] As the parties note, this was initially a *Wende* appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  After our independent review of the record, we determined Bolanos had raised arguable issues in his in propria persona trial court brief and that he was

## FACTS

On January 26, 2018, Bolanos pled guilty to voluntary manslaughter. He admitted that he used a firearm in the commission of the offense. (§ 12022.5, subd. (a).) The trial court sentenced him to an aggregate 15-year state prison term. He received the high term of 11 years for the voluntary manslaughter conviction plus a consecutive "four years for the [section] 12022.5 allegation found to be true."

On September 16, 2019, Bolanos filed a "notice of motion and motion for [a] baseline hearing pursuant to *People v. Franklin*." He alleged he was 24 years old at the time he committed the offense. He claimed that because he was a youth offender under the age of 25 at the time of the offense, he was entitled to a *Franklin* hearing to present evidence of his "youth characteristics and immaturity at the time of the offense [that] may be available at his eventual parole hearing." By citing section 3051, he essentially contended that he could use the evidence presented at a *Franklin* court hearing at a youth offender parole hearing.

The trial court denied the motion. It ruled that Bolanos "does not fall within the scope of *Franklin* or the cases that follow, therefore, the request is denied."

## DISCUSSION

### *The Right to a Franklin Hearing*

In *People v. Franklin, supra,* 63 Cal.4th at page 269, our Supreme Court held that youthful offenders are entitled to a trial court determination whether they were given "adequate opportunity at sentencing to make a record of mitigating evidence

---

entitled to resolution of them. We consequently requested further briefing by counsel.

tied to [their] youth." These mitigating factors include the youth's "cognitive ability, character, and social and family background at the time of the offense." (*Ibid.*) This evidence may be used for the record for an eventual youth offender parole hearing. The *Franklin* defendant was 16 years old when he committed first degree murder and he was sentenced to 50 years to life in prison. The court remanded the case to the trial court to determine if he had "an adequate opportunity to make a record" that could eventually be considered by the parole board. (*Id.* at pp. 286-287.)

In *Franklin*, the court noted that Senate Bill No. 260 was passed "to bring juvenile sentencing into conformity with" decisions such as *Graham v. Florida* (2010) 560 U.S. 48 [176 L.Ed.2d 825]. (*People v. Franklin*, *supra*, 63 Cal.4th at p. 277.) "At the heart of Senate Bill No. 260 was the addition of section 3051, which requires the Board to conduct a 'youth offender parole hearing' during the 15th, 20th, or 25th year of a juvenile offender's incarceration." (*Ibid*.) "The statute establishes what is, in the Legislature's view, the appropriate time to determine whether a juvenile offender has 'rehabilitated and gained maturity' . . . so that he or she may have 'a meaningful opportunity to obtain release.' (§ 3051, subd. (e).)" (*Id.* at p. 278.)

Section 3051, subdivision (b)(1) provides, "A person who was convicted of a controlling offense that was committed when the person *was 25 years of age or younger* and for which the sentence is a *determinate sentence* shall be eligible for release on parole at a *youth offender parole hearing* during the person's *15th year of incarceration.*" (Italics added.)

Under this statute, Bolanos is a youthful offender who received a substantial determinate sentence. But his claim that

3

he is entitled to a *Franklin* court hearing to present youth mitigating evidence at a "youth offender parole hearing" is not authorized by this statute. The statute provides a youth offender parole hearing for defendants during their 15th year of incarceration. But because Bolanos's sentence is 15 years, he will receive a parole hearing *before* that 15-year period. This statutory scheme was enacted for the benefit of youth offenders who serve much longer determinate sentences than Bolanos. "Put simply, within this statutory framework, if a prisoner's first parole hearing is not a youth offender parole hearing, then the prisoner does not receive a youth offender parole hearing." (*In re Brownlee* (2020) 50 Cal.App.5th 720, 725.) Consequently, Bolanos's claim that he is entitled to a *Franklin* hearing to present evidence in court for an eventual youth offender parole hearing is not authorized within the statutory framework. (*Ibid*.)

We also conclude that depriving Bolanos of a *Franklin* hearing does not violate his right to equal protection. "The first step in an equal protection analysis is to determine whether the defendant is similarly situated with those who are entitled to" the benefit provided under law. (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 888.) Bolanos is not similarly situated with defendants who receive a *Franklin* hearing. In fact, he is in a better position because he receives his parole hearing *before* they do. The Legislature's decision to provide the youth offender parole hearing at the 15-year period of incarceration, and not earlier, is not constitutionally infirm. It "falls within the Legislature's 'line-drawing' authority as a rational choice that is not constitutionally prohibited." (*Cervantes*, at p. 888) "When the Legislature reforms one area of the law, it is not required to reform other areas of the law." (*Ibid*.) "It may elect to make

4

reforms ' " 'one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind.' " ' " (*Ibid.*)  Here the statutory framework was rationally designed to provide a benefit to youth offenders who serve much longer sentences than Bolanos.

Moreover, the statutory framework provides an adequate remedy for Bolanos.  Although Bolanos will not have a *Franklin* court hearing to present youth offender mitigation evidence, he still retains a right to present that evidence in another forum – at his parole hearing.  (§ 4801, subd. (c).)  As a youth offender, he is "entitled to have 'the board, in reviewing [the] prisoner's suitability for parole pursuant to section 3041.5, . . . give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law.' (§ 4801, subd. (c).)  This is true because section 4801, subdivision (c) is not limited to youth offender parole hearings–it applies to all parole hearings." (*In re Brownlee*, *supra*, 50 Cal.App.5th at p. 725.)  Under section 4801, subdivision (c), the parole board has a duty to consider Bolanos's youth mitigation evidence.  The trial court did not err.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.          TANGEMAN, J.


5

Douglas W. Sortino, Judge

Superior Court County of Los Angeles

_____

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Paul M. Roadarmel, Jr., Deputy Attorneys General, for Plaintiff and Respondent.